# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 14-0180** (BOR Appeal No. 2048592)
                            (Claim No. 2013012413)

**WILLIAM D. FANNIN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Jillian L. Moore, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated February 18, 2014, in which the Board affirmed a July 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 11, 2013, decision which denied a request for payment of viscosupplementation and Orthovisc and instead authorized payment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fannin, a heavy equipment operator, was injured on November 5, 2012, when he tripped and fell. The claim was held compensable for lumbar sprain and contusion of the knee and lower leg. Mr. Fannin has a history of left knee problems. From October of 1997 to January of 1998, he was treated by Michael Goodwin, M.D., for a medial meniscus tear and medial compartmental arthritis. On November 26, 1997, he underwent an arthroscopic chondroplasty parital medial menisectomy of the left knee. The evidentiary record contains no indication that Mr. Fannin had any treatment for his left knee from January of 1998 until his compensable injury on November 5, 2012.

1

After the compensable injury, treatment notes by James Rice, M.D., indicate that an x-ray of the left knee showed tricompartmental degenerative joint disease. An MRI revealed tricompartmental degenerative joint disease with a degenerative meniscal tear involving both the medial and lateral meniscus. Dr. Rice assessed an acute injury superimposed on degenerative joint disease of the knee. He requested that viscosupplementation and Orthovisc be approved to treat Mr. Fannin's pain. He stated in a medical statement that Mr. Fannin had a pain exacerbation of underlying degenerative changes in the left knee. He opined that the condition was work-related, and the requested treatment was necessary because Orthovisc can be used to treat the pain related to degenerative joint disease that was exacerbated by the work-related injury.

Marsha Bailey, M.D., performed two independent medical evaluations of Mr. Fannin. On February 6, 2013, she stated that there was tenderness and a significant amount of synovial thickening around the left knee. She found that he has at least moderate tricompartmental degenerative joint disease and osteoarthritis, which is unrelated to the compensable injury. On February 25, 2013, she reexamined Mr. Fannin and opined that he had reached maximum medical improvement and required no further treatment. It was her opinion that his ongoing left knee complaints are the result of degenerative joint disease and are unrelated to the compensable injury. She stated that the request for vicosupplementation and Orthovisc is aimed at treating the degenerative joint disease and osteoarthritis in the left knee, not the compensable condition. She therefore recommended the treatment be denied.

The claims administrator denied Dr. Rice's request for viscosupplementation and Orthovisc on March 11, 2013. The Office of Judges reversed the decision and authorized the treatment on July 2, 2013. It found that the evidentiary record clearly shows that Mr. Fannin had significant arthritis in his left knee prior to his compensable injury. He underwent a left knee arthroscopy in 1997 for a medial meniscus tear, an anterior cruciate ligament tear, and medial compartment arthritis. He was treated by Dr. Goodwin from October of 1997 to January of 1998. He did not receive any further treatment for his left knee until after his compensable injury on November 5, 2012. The Office of Judges stated that Dr. Rice, Mr. Fannin's treating physician, opined that the compensable left knee injury exacerbated his underlying degenerative joint disease. That exacerbation caused left knee pain that requires treatment with viscosupplementation. In contrast, Dr. Bailey found the treatment to be unnecessary because she determined that the knee complaints are the result of pre-existing degenerative joint disease and osteoarthritis. The Office of Judges ultimately found that the weight of the evidence supports the opinion of Dr. Rice. It determined that a worker who, in the course of their employment, receives an injury that aggravates or accelerates a pre-existing disease is entitled to compensation. *Gallardo v. Worker's Comp. Comm'r,* 179 W.Va. 756, 373 S.E.2d 177 (1988). The Office of Judges determined that, at the time of the compensable injury, Mr. Fannin had not required medical treatment for his pre-existing condition for over fourteen years. Accordingly, it held that the requested treatment is medically necessary and reasonably required. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 18, 2014.

On appeal, Huntington Alloys Corporation argues that the requested medication is not necessary to treat the compensable knee contusion. It also argues that the medication is essentially a lubricant that is solely used to treat arthritis, which is not compensable in this claim. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence indicates that while Mr. Fannin did have pre-existing degenerative joint disease, he had not been treated for the condition for fourteen years prior to the compensable injury. Following the compensable injury, he again began experiencing pain in his left knee. His treating physician opined that the requested treatment is necessary to treat the work-related exacerbation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II